EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To:  **Susan L. Scott**<br>      **203 West Howard Street**<br>      **Sims, IN 46986** | From:  **Indianapolis District Office**<br>        **101 West Ohio St**<br>        **Suite 1900**<br>        **Indianapolis, IN 46204** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **470-2018-02533** | **Jeremy A. Sells,**<br>**State & Local Coordinator** | **(317) 226-7221** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

- [X] More than 180 days have passed since the filing of this charge.

- [ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

- [X] The EEOC is terminating its processing of this charge.

- [ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

- [ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

- [ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Michelle Eisele*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Notice was served by first class U.S. mail on the following persons on this _16_ day of _January_ 2019:

Susan Scott
203 West Howard Street
Sims, IN 46986
Certified Mail #
    **9214 8901 0661 5400 0133 1140 45**

Marion Community Schools
750 West 26th Street
Marion, IN 46953
Certified Mail #
    **9214 8901 0661 5400 0133 1141 99**

Kevin Smith
Church Church Hittle & Antrim
10765 Lantern Road #201
Fishers, IN 46038
Certified Mail #
    **9214 8901 0661 5400 0133 1143 80**

_____
Staff, Indiana Civil Rights Commission



ERIC HOLCOMB, *Governor*
GREGORY L. WILSON SR., *Executive Director*

ICRC No.: 470-2018-02533
EEOC No.: 470-2018-02533

**SUSAN SCOTT**
    Complainant,

    **vs.**

**MARION COMMUNITY SCHOOLS,**
    Respondent.

## NOTICE OF ADMINISTRATIVE DISMISSAL

The Director of the Indiana Civil Rights Commission ("Commission") has administratively dismissed the above-referenced case for the following reason(s):  Susan Dunn ("Complainant") requested a "Right to Sue Letter" from the Equal Employment Opportunity Commission ("EEOC"); therefore, this matter is transferred to the EEOC for processing.

**RESPECTFULLY SUBMITTED,**
**Gregory L. Wilson Sr.**
**Executive Director**

1|15|19
Date

Doniesha L. Posey
Deputy Director
Indiana Civil Rights Commission





ERIC HOLCOMB, *Governor*
GREGORY L. WILSON SR., *Executive Director*

SENT VIA EMAIL AND REGULAR MAIL

December 20, 2018

Susan Scott
203 West Howard Street
Sims, IN 46986

RE:     **Susan Scott  vs.  Marion Community Schools**
        **ICRC No.  470-2018-02533**
        **EEOC No.  470-2018-02533**

Dear Ms. Scott:

This letter is a follow up to your December 5, 2018 telephone interview and my December 5, 2018, email.  You indicated that you'd like to forgo an investigation and be issued a Right To Sue Letter. Please sign and date the withdrawal form and mail the <u>original</u> form to the Indiana Civil Rights Commission at the address below **on or before January 4, 2019.**

Sincerely,

Annika Brown
Indiana Civil Rights Commission
100 N. Senate Avenue, N300
Indianapolis, IN 46204
317-232-2628
<u>abrown1@icrc.in.gov</u>

Enclosure



can be reached during those hours. **You may mail or fax the information to the address or fax number listed on this letterhead**. If I do not hear back from you by October 13, 2018 or you respond, and your rebuttal does not support the allegations a determination will be made based on the information currently available. If it appears further investigations will not likely result in a Cause determination, your charge will be forwarded to my supervisor and the case will be reviewed before a final action is taken. If the case is dismissed you will be provided with a Dismissal and Notice of Right to Sue, which you can file in federal court within 90 days, if you wish to pursue your charge.

Sincerely,

Daphne K. Gilmore
Federal Investigator



ERIC HOLCOMB, *Governor*
GREGORY L. WILSON SR., *Executive Director*

November 5, 2018

Susan Scott
203 West Howard Street
Sims, IN 46986

RE:     **Susan Scott   vs.  Marion Community Schools**
        **ICRC No. 470-2018-02533**
        **EEOC No. 470-2018-02533**

Dear Ms. Scott:

Per our telephone conversation today, your complaint has been transferred to the Commission by EEOC and assigned to me for investigation. Your one (1) hour telephone interview is scheduled for Wednesday, December 5, 2018 at 10:00am EST.  If you have not heard from me by 10:15 a.m., please contact me.

You indicated you had several witnesses to substantiate your claims.  Please have them send their written statements that includes their contact information, to my attention via email, fax or regular mail.

Please provide any documentation you believe supports your claim **before November 30, 2018**. I appreciate your cooperation and look forward to hearing from you.

Sincerely,

Annika Brown
Employment Investigator
 (317) 232-2628
1-800-628-2909
abrown1@icrc.in.gov





### U.S. Equal Employment Opportunity Commission
### Indianapolis District Office

101 West Ohio St
Suite 1900
Indianapolis, IN 46204
(317) 226-7212
TTY (317) 226-5162
Fax: (317) 226-5471

May 24, 2018

Susan L. Scott
203 West Howard Street
Sims, IN 46986

EEOC Number: 470-2018-02533

Dear Ms. Scott:

In an effort to expedite the charge resolution process, your charge has been selected for mediation by the Equal Employment Opportunity Commission (EEOC).  Mediation is an informal process in which those involved in a dispute jointly explore and reconcile their differences.  Mediation is offered as an alternative to the often lengthy investigative process traditionally used to determine the merits of charges of discrimination filed with the Commission. The purpose of mediation is to help the parties to reach a fair and expeditious resolution of the charge prior to an investigation.  The majority of mediations are completed in only one session.  If your charge is resolved during the mediation process, the charge will be closed and the terms of the agreement will end further processing by the Commission.  If mediation is unsuccessful, your charge will be investigated just like any other charge.

Mediation focuses on a resolution of the underlying dispute by addressing the interests of both parties. It is not a forum for reaching a determination on whether discrimination occurred.   Therefore, any agreement reached during mediation does not constitute an admission that discrimination occurred. However, the agreement will resolve the employment dispute.

Participation in the mediation program is completely voluntary. Two agreements are enclosed for your review - the "Agreement to Mediate" and the "Confidentiality Agreement." You should complete and return both agreements if you are interested in mediating your charge. Also enclosed is a Mediation Fact Sheet that answers many questions that you may have regarding this program.

Failure to respond within 10 days of the date of this letter may result in the charge being forwarded to an investigator. The EEOC will also contact the Respondent (the employer or party against whom you have filed this charge). If the Respondent agrees to participate, you will be contacted by the assigned mediator to schedule a mediation session. If the Respondent elects not to mediate the matter, your charge will be assigned to an investigator and will be processed under our usual charge processing procedures.

Also, as you were previously advised, EEOC offers a convenient way to obtain the contact information and the status of your charge through the EEOC Online Charge Status System, which is available 24/7. You can access the system via this link (https://publicportal.eeoc.gov/portal) or by selecting the "My Charge Status" button on EEOC's Homepage (www.eeoc.gov). To sign in, enter your EEOC charge number, your zip code and the security response. An informational brochure is enclosed that provides more information about this system and its features.

If you have any questions concerning the mediation program, please call Kathy A. Campbell at (317) 226-6345.

Sincerely,



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Indianapolis District Office**

101 West Ohio Street, Suite 1900
Indianapolis, IN 46204-4203
(317) 226-7212
TTY (317) 226-5162
FAX (317) 226-7953 & 5571

October 4, 2018

Susan L. Scott
203 West Howard Street
Sims, IN 46986

Re: Scott v. Marion Community Schools
    Charge Number: 470-2018-02533

Dear Ms. Scott:

I have received the Respondents (Marion Community Schools) position statement and I wanted to discuss the investigation of your charge of discrimination and the evidence the Respondent has provided in response to your allegations.

**The Respondent stated:** When you complained to David Khalouf in March 2018 about Yoder, Khalouf investigated your assertions. Khalouf could not substantiate your claims, but did instruct Yoder to avoid any communication or contact with you which Yoder agreed to do. Respondent stated additionally, in April 2018 the School's Director of Human Resources, Shelley Preston, met with you to discuss your allegations. You presented an 18-page handwritten document outlining your allegations of harassment, and Preston walked through it page-by-page with you, asking you additional questions where appropriate to gather all relevant information. Respondent stated Preston then interviewed both the alleged perpetrator and the witness named by you. After gathering all this information, Preston could not substantiate that any inappropriate or unlawful harassment had occurred. She did, though, instruct you and Yoder not to have any interactions or communications with each other except for those necessary in the performance of your jobs, and it is the School's understanding that Yoder has complied. Respondent stated you never thereafter complained that the Yoder's or anyone else had directed any further "harassing" conduct toward you. Respondent stated, the School has a vigorously enforced and well-published harassment policy that details how it should be reported, what will happen when such a report is made, and what the consequences will be for an employee who engages in unlawful harassment. When the School became aware of your concerns about Yoder's conduct, it immediately investigated your claims. It also instructed Yoder multiple times not to have any more interactions with you except for those necessary to the performance of their respective jobs, and it is the School's understanding that Yoder complied with this instruction.

Once the Respondent articulates a non-discriminatory reason for its employment decision, the burden of proof rests with the you to show that the stated reason is either untrue or that others, of a different protected class, were treated more favorably under similar circumstances. This is your opportunity to discuss your case and provide information to rebut the Respondent's defense. If you have information which may lead to evidence to overcome Respondent's defense, please mail your rebuttal to me by correspondence by 12 noon (Eastern Time Zone) on October 13, 2018.

I can be reached between 7:00 a.m. and 4:30 p.m., Monday through Thursday (317) 226-6718. If you reach my voice mail, please leave a detailed message with a telephone number where you

can be reached during those hours. **You may mail or fax the information to the address or fax number listed on this letterhead.** If I do not hear back from you by October 13, 2018 or you respond, and your rebuttal does not support the allegations a determination will be made based on the information currently available. If it appears further investigations will not likely result in a Cause determination, your charge will be forwarded to my supervisor and the case will be reviewed before a final action is taken. If the case is dismissed you will be provided with a Dismissal and Notice of Right to Sue, which you can file in federal court within 90 days, if you wish to pursue your charge.

Sincerely,

Daphne K. Gilmore
Federal Investigator

**Please use the** "EEOC Charge No." listed at the top of this letter whenever you call us about this charge. **Please also notify this office** of any change in address or of any prolonged absence from home. Failure to cooperate in this matter **may lead** to dismissal of the charge.

**Please also read** the enclosed brochure, "What You Should Know Before You File A Charge With EEOC," for answers to frequently asked questions about employee rights and the EEOC process.  If you have any questions, please call me at the number listed below. If you have to call long distance, please call collect.

Sincerely,

Nelson Jones
Investigator
(317) 226-5563

Office Hours: Monday – Friday, 8:00 a.m. - 4:30 p.m.
www.eeoc.gov

Enclosure(s)
    Copy of EEOC Form 5, Charge of Discrimination
    Copy of EEOC Uniform Brochure, "What You Should Know Before You File A Charge With EEOC."

Kathy A. Campbell
ADR Coordinator

Enclosure(s)



## U.S. Equal Employment Opportunity Commission
### Indianapolis District Office

101 West Ohio St
Suite 1900
Indianapolis, IN 46204
(317) 226-7212
TTY (317) 226-5162
Fax: (317) 226-7953

Respondent: MARION COMMUNITY SCHOOLS
EEOC Charge No.: 470-2018-02533
FEPA Charge No.:

May 24, 2018

Susan L. Scott
203 West Howard Street
Sims, IN 46986

Dear Ms. Scott:

This is with reference to your recent written correspondence or intake questionnaire in which you alleged employment discrimination by the above-named respondent. The information provided indicates that the matter complained of is subject to the statute(s) checked off below:

[ X ]    Title VII of the Civil Rights Act of 1964 (Title VII)

[  ]    The Age Discrimination in Employment Act (ADEA)

[  ]    The Americans with Disabilities Act (ADA)

[  ]    The Equal Pay Act (EPA)

[  ]    The Genetic Information Nondiscrimination Act (GINA)

The attached EEOC Form 5, Charge of Discrimination, is a summary of your claims based on the information you provided. Because the document that you submitted to us constitutes a charge of employment discrimination, we have complied with the law and notified the employer that you filed a charge.  Before we investigate your charge, however, you must sign and return the enclosed Form.

To enable proper handling of this action by the Commission you should:

(1)  Review the enclosed charge form and make corrections.

(2)  Sign and date the charge in the bottom left hand block where I have made an "X".  For purposes of meeting the deadline for filing a charge, the date of your original signed document will be retained as the original filling date.

(3)  Return the signed charge to this office.

Before we initiate an investigation, we must receive your signed Charge of Discrimination (EEOC Form 5).  Please sign and return the charge within thirty (30) days from the date of this letter.  Under EEOC procedures, if we do not hear from you within 30 days or receive your signed charge within 30 days, we are authorized to dismiss your charge and issue you a right to sue letter allowing you to pursue the matter in federal court.  Please be aware that after we receive your signed Form 5, the EEOC will send a copy of the charge to Indiana Civil Rights Commission 100 North Senate Avenue Suite North 300 Indianapolis, IN 46204 as required by our procedures. If that agency processes the charge, it may require the charge to be signed before a notary public or an agency official. The agency will then investigate and resolve the charge under their statute.



INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT
10 N. SENATE AVE.
INDIANAPOLIS, IN 46204-2277

CONFIDENTIAL RECORD PURSUANT TO IC 4-1-6, IC 22-4-19-6



000128011

12/3/2018

| **Name and Address of Claimant** | **RE:** | MARION COMMUNITY SCHOOLS |
| --- | --- | --- |
| SUSAN L SCOTT | | **Employer Acct #:** 131535 |
| 203 WEST HOWARD ST | | **Separation Date:** 11/14/2018 |
| IN | | **SSN:** XXX-XX- 0688 |
| SIMS IN 46986 | | **BYE:** 11/09/2019 |
| | | **Claim Level:** UI |
| | | **ID:** 53382431 |

**Issue Involved:**   Discharged for just cause.

## Circumstance of Case

The claimant was discharged due to a violation of the employer's policy. The policy was known, reasonable, and uniformly enforced. The information provided supports the claimant violated the policy.

## Conclusion of Case

The claimant was discharged for just cause. IC-22-4-15-1(d) states that knowing violation of a reasonable and uniformly enforced policy of an employer is disqualifying. Benefits are reduced and suspended as shown below.

**THIS DETERMINATION MAY RESULT IN AN OVERPAYMENT OF BENEFITS.**

## Legal Result of Case

**CLAIMANT:**   YOUR BENEFIT RIGHTS ARE SUSPENDED EFFECTIVE WEEK ENDING 11/17/2018 UNTIL YOU HAVE EARNED REMUNERATION IN EMPLOYMENT IN AT LEAST EIGHT WEEKS EQUAL TO OR EXCEEDING EIGHT TIMES THE WEEKLY BENEFIT AMOUNT.

UP TO A 25% REDUCTION MAY BE APPLIED TO YOUR MAXIMUM BENEFIT AMOUNT.

| **Date Determination Mailed** | **Department** | **Signature of Claims Investigator** |
| --- | --- | --- |
| 12/3/2018 | DWD ADJUDICATION CENTER | L. HARRIS |

RIGHT OF APPEAL: THIS DETERMINATION WILL BECOME FINAL ON 12/13/2018 IF NOT APPEALED. EITHER PARTY MAY APPEAL THIS DETERMINATION AND REQUEST A HEARING BEFORE AN ADMINISTRATIVE LAW JUDGE WITHIN TEN DAYS OF THE DATE THIS DETERMINATION WAS MAILED OR OTHERWISE DELIVERED. PLEASE SEE REVERSE SIDE FOR APPEAL PROCEDURE.



90992978     RFPUMCTDQ     UI  11/09/2019     (1)



ERIC HOLCOMB, *Governor*
GREGORY L. WILSON SR., *Executive Director*

SENT VIA EMAIL AND REGULAR MAIL

December 20, 2018

Susan Scott
203 West Howard Street
Sims, IN 46986

RE:   **Susan Scott   vs.  Marion Community Schools**
      **ICRC No.  470-2018-02533**
      **EEOC No.  470-2018-02533**

Dear Ms. Scott:

This letter is a follow up to your December 5, 2018 telephone interview and my December 5, 2018, email.  You indicated that you'd like to forgo an investigation and be issued a Right To Sue Letter. Please sign and date the withdrawal form and mail the <u>original</u> form to the Indiana Civil Rights Commission at the address below **on or before January 4, 2019.**

Sincerely,

Annika Brown
Indiana Civil Rights Commission
100 N. Senate Avenue, N300
Indianapolis, IN 46204
317-232-2628
abrown1@icrc.in.gov

Enclosure



ICRC NO.: 470-2018-02533
EEOC NO. 470-2018-02533

SUSAN SCOTT,
      COMPLAINANT,

vs.

MARION COMMUNITY SCHOOLS,
      RESPONDENT.

### REQUEST FOR WITHDRAWAL OF COMPLAINT

I have been advised that it is unlawful for any person covered by Title VII of the Civil Rights Act of 1964, Title VIII of the Civil Rights Act of 1968 or the Indiana Civil Rights Law to threaten, intimidate, or harass me because I have filed a complaint.

I am aware that the Indiana Civil Rights Commission, the U.S. Equal Employment Opportunity Commission and the U.S. Department of Housing and Urban Development protect my right to file a complaint without retaliation.

I have not been forced or otherwise compelled to request this withdrawal, except in furtherance of a negotiated settlement of my claims.

**I hereby request the withdrawal of my complaint because (please select one):**

___ I am no longer interested in pursuing this issue.

___ Through mediation the services of the Commission, I have entered into a settlement agreement resolving the issues.

___ Respondent has granted the relief I was seeking. I was rehired on or around July 5, 2017.

**X**  Other reason:  I would like to be issued a Right To Sue Letter.

_12 - 2 7 - 2018_
DATE

_Susan Scott_
COMPLAINANT SIGNATURE



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Indianapolis District Office**

101 West Ohio Street, Suite 1900
Indianapolis, IN 46204-4203
(317) 226-7212
TTY (317) 226-5162
FAX (317) 226-7953 & 5571

October 4, 2018

Susan L. Scott
203 West Howard Street
Sims, IN 46986

Re: Scott v. Marion Community Schools
     Charge Number: 470-2018-02533

Dear Ms. Scott:

I have received the Respondents (Marion Community Schools) position statement and I wanted to discuss the investigation of your charge of discrimination and the evidence the Respondent has provided in response to your allegations.

**The Respondent stated:** When you complained to David Khalouf in March 2018 about Yoder, Khalouf investigated your assertions. Khalouf could not substantiate your claims, but did instruct Yoder to avoid any communication or contact with you which Yoder agreed to do. Respondent stated additionally, in April 2018 the School's Director of Human Resources, Shelley Preston, met with you to discuss your allegations. You presented an 18-page handwritten document outlining your allegations of harassment, and Preston walked through it page-by-page with you, asking you additional questions where appropriate to gather all relevant information. Respondent stated Preston then interviewed both the alleged perpetrator and the witness named by you. After gathering all this information, Preston could not substantiate that any inappropriate or unlawful harassment had occurred. She did, though, instruct you and Yoder not to have any interactions or communications with each other except for those necessary in the performance of your jobs, and it is the School's understanding that Yoder has complied. Respondent stated you never thereafter complained that the Yoder's or anyone else had directed any further "harassing" conduct toward you. Respondent stated, the School has a vigorously enforced and well-published harassment policy that details how it should be reported, what will happen when such a report is made, and what the consequences will be for an employee who engages in unlawful harassment. When the School became aware of your concerns about Yoder's conduct, it immediately investigated your claims. It also instructed Yoder multiple times not to have any more interactions with you except for those necessary to the performance of their respective jobs, and it is the School's understanding that Yoder complied with this instruction.

Once the Respondent articulates a non-discriminatory reason for its employment decision, the burden of proof rests with the you to show that the stated reason is either untrue or that others, of a different protected class, were treated more favorably under similar circumstances. This is your opportunity to discuss your case and provide information to rebut the Respondent's defense. If you have information which may lead to evidence to overcome Respondent's defense, please mail your rebuttal to me by correspondence by 12 noon (Eastern Time Zone) on October 13, 2018.

I can be reached between 7:00 a.m. and 4:30 p.m., Monday through Thursday (317) 226-6718. If you reach my voice mail, please leave a detailed message with a telephone number where you

**Please use the** "EEOC Charge No." listed at the top of this letter whenever you call us about this charge. **Please also notify this office** of any change in address or of any prolonged absence from home. Failure to cooperate in this matter **may lead to** dismissal of the charge.

**Please also read** the enclosed brochure, "What You Should Know Before You File A Charge With EEOC," for answers to frequently asked questions about employee rights and the EEOC process.  If you have any questions, please call me at the number listed below. If you have to call long distance, please call collect.

Sincerely,

Nelson Jones
Investigator
(317) 226-5563

Office Hours: Monday – Friday, 8:00 a.m. - 4:30 p.m.
www.eeoc.gov

Enclosure(s)
    Copy of EEOC Form 5, Charge of Discrimination
    Copy of EEOC Uniform Brochure, "What You Should Know Before You File A Charge With EEOC."



Human Resources Department
phone: 765-662-2546 x.102
fax: 765-651-2043

District Offices, Marion High School, 750 W. 26th St., Marion, IN 46953

November 16, 2018

Mrs. Susan Scott
203 W. Howard Street
Sims, IN  46986

Dear Mrs. Scott,

In accordance with procedures established for Marion Community Schools bus drivers and all laws and regulations set forth for Commercial Driver Licenses under the Federal Motor Carrier Safety Administration, this letter serves to inform you that your employment with Marion Community Schools has been terminated effective November 16, 2018.   Student safety is a priority in all areas of the education process including transporting students to and from school. In addition, positive, appropriate, and productive communication with students is critical to maintaining a positive and safe environment.

On November 13, 2018 video evidence showed that you used your personal cell phone to make a phone call and had a conversation with a parent while transporting students home from school. The bus was in motion while you grasped for your phone, searched for the device, held the phone in your left hand, and scrolled with your right hand.  When you approached a railroad crossing, you stopped the bus and opened the door and closed it without looking in either direction before crossing the tracks.  Video evidence showed that you looked in your overhead mirror while you were stopped.  In addition, you had a conversation with students before beginning your route and told individual or groups of students to shut up.  You engaged students in negative communication without making an effort to redirect their behaviors.

Contact : #

David Chapman
Mechanic

765 - 618 - 4138

Had harassment for
many years with
Same people.

# Annabelle Smith

4-4-18
Date Said
4-3-18

q4-Said that we were trashy and that mrs. Susan was an idiot and she and she dosen't follow the rules and she does we can't Stand while bus moving and she can't be treated this way she dosen't Deserve it, I Love mrs. Susan.

Kids who heard it

Brice green
mariah Byer
Shaynn green
Bryce riddle

q7- was driving so fast that he made me sick to my stomach and also Shyann and also that he cut out infront of a car and at the school drove up on a curve and Annabelle hit her head off the window and popped her neck. Also didn't stop all the way to turn.

4-4-18
4-3-18
mariah Byer

Kids who seen it
Annabelle Smith,
Brice green  Mariah Byer
Shyann green

q4- said we ask why we was leaving the bus and he Said because he did not want us on the bus.



**Marion Community Schools**
**Director of Operations**
Maintenance Phone: (765) 674-6929
Transportation Phone: (765)664-423

3533 South Nebraska Street, Marion, Indiana 46953

October 4, 2018

To: Mrs. Susan Scott
CC: David Khalouf, David Richey, Shelley Preston, Robert Schultz, Personnel File

This letter serves as a follow-up to our discussion on September 28, 2018, which was originally scheduled for and subsequently canceled on 9-27-18, by you. During this discussion we viewed and discussed the content of your September 19, 2018, afternoon bus route. During the event named, you personally reported to dispatch that your bus was, "out of control" and requested that the police department be called to send a police officer to your bus. A particular student was named by you and reported to be sitting on the top of seats, prompting the, "out of control" call to dispatch which resulted in your request for police assistance.

During our viewing of the video, you said, in regards to us attempting to see "out of control" as well as the student sitting atop the seat(s),
- (23 minutes into the video) "By then he should have sat on the seat", "I'm pretty sure [it] was that day."
- **(Mrs. Preston, "When Marion Police Department called, was the bus out of control?)** "It don't look like it right here, but it was out of control", "It would have happened by now."
- (25 minutes into the video) "It should have happened by now, I wouldn't have asked for assistance", "This is close to his stop, so it should have happened by now."
- (27 minutes into the video) "It should have happened by now; they [police] are on the way."

It was also reported by you that on this day and this route that the student had their head out the window.
- (Mrs. Preston, "Have we seen head out?) "It is either today or next day", paused and then said, "You mean it didn't show up?"

We then asked you questions regarding the students you had asked to wave the cars around the bus when stopped waiting for the police and specifically you allowing and promoting their actions of putting hands, arms and heads out the windows.
- (Mrs. Preston, "They're telling cars to go around?") "Yep, that's ok, the bus is stopped."

Page 1 of 3



Human Resources Department
750 W. 26th Street
Marion, IN 46953
Phone - 765.662.2546, Ext. 102
Fax – 765.651.2043

November 28, 2018

Mrs. Susan Scott
203 W Howard Street
Sims, IN 46986

Dear Mrs. Scott:

You are hereby notified that your name was presented to the Board of
School Trustees at their regular meeting on November 27, 2018. The
Board approved your termination of employment at Transportation. This
action is effective November 16, 2018.

**Sincerely,**

*Shelley Preston*

Shelley Preston
Director of Human Resources

pc/Personnel File

**MARION**
COMMUNITY SCHOOLS

<u>Susan Scott Improvement Plan</u>
October 4, 2018

1. Implement a seating chart both on paper and with names displayed on bus.  The seating chart will be shared with, and a copy given to the Director of Operations and Assistant Director of Transportation within one week of receiving this Improvement Plan.

2. Review your driver expectations with your riders three times per week while at the bus hub. Please do so for a minimum of four full weeks.  (Please personalize to fit your bus, sharing those for approval with the Director of Operations and Assistant Director of Transportation prior to first review with riders.)  The driver expectations will be shared with and a copy kept with the Director of Operations and Assistant Director of Transportation within one week of receiving this Improvement Plan.  Please e-mail the dates of you reviewing your driver expectations with your riders, including either a.m. or p.m. review next to each date.  The e-mail should be addressed to David Khalouf (dkhalouf@marion.k12.in.us) and David Richey (drichey@marion.k12.in.us).

3. Ride two other buses that have appropriate driving and behavior so you have a model of what a regular day looks like and sounds like on a bus.  The Director of **Operations and Assistant Director of Transportation** will work with you to decide on the buses, drivers and dates that you will complete your ride alongs.  You will reflect in an e-mail, one paragraph minimum, on what you experienced and thought in regards to each ride along within two days of said ride alongs.  The e-mail should be addressed to David Khalouf (dkhalouf@marion.k12.in.us) and David Richey (drichey@marion.k12.in.us).

All items discussed, turned in or created within or associated with this event may be submitted to your Personnel File.

David T. Khalouf

Director of Operations

**MARION**
COMMUNITY SCHOOLS

- (Mrs. Preston, "They are out the window.") "I told them to do that, it's ok."  You did recant your answer approximately a minute later by saying, "I didn't tell them to do that."

As we discussed the video more in depth, you stated,
- "If you go back a day or two you'll see it", in regards to the student sitting on the seat.
- After the police are seen at the bus, you stated, "I don't know why that isn't showing up, that's why I called for help."

    Due to our desire to help you be successful and as well our concern, we are implementing an improvement plan for you, beginning immediately.

Page 2 of 3