UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SUSAN SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-01905-JPH-MPB |
| | ) |
| MARION COMMUNITY SCHOOLS, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR COUNSEL**

Ms. Scott has filed motions for appointment of counsel. Dkt. 35; dkt. 41.

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

Because Ms. Scott has made reasonable efforts to obtain counsel on her own, *see* dkt. 41, the Court must ask, "'given the difficulty of the case, does the plaintiff appear competent to litigate it [herself]?'" *Walker*, 900 F.3d at 938

1

(quoting *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007)). To decide this question, the Court considers "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Olson*, 750 F.3d at 712 (quoting *Pruitt*, 503 F.3d at 655). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation.

Ms. Scott brings claims for hostile work environment and retaliation. Ms. Scott graduated from high school. She can read and write English. Her complaint and other motions demonstrate her ability to make clear, coherent arguments in support of the relief she seeks. Ms. Scott asserts that it has been difficult to litigate this case because she is very stressed and has migraines.

The factual and legal issues presented by this case are not so complex that Ms. Scott will be unable to file a response to the defendant's motion for summary judgment without an attorney. Unfortunately, as noted above, pro se plaintiffs face many obstacles when filing lawsuits, but there are simply not enough volunteer lawyers to appoint in every case. If Ms. Scott requires additional time to prepare her response, she may file a motion seeking additional time.

Accordingly, Ms. Scott's motions for appointment of counsel, dkt. [35], [41], are **DENIED without prejudice**. Should these circumstances change, the Court will consider a renewed motion. In the meantime, Ms. Scott should continue to attempt to recruit counsel on her own.

**SO ORDERED.**

Date: 5/5/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SUSAN SCOTT
203 W. Howard Street
Sims, IN 46986

Brent R. Borg
CHURCH CHURCH HITTLE & ANTRIM (Fishers)
bborg@cchalaw.com

Kevin S. Smith
CHURCH CHURCH HITTLE & ANTRIM (Fishers)
ksmith@cchalaw.com